UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

CHRISTINA FIGARETTI,

      Plaintiff,

v.                                                      Civil Action No. 1:14-cv-187
                                                        (Keeley)

WEST VIRGINIA DEPARTMENT OF
TRANSPORTATION, DIVISION OF HIGHWAYS; and
BRAYMAN CONSTRUCTION CORPORATION,

      Defendants.

### DEFENDANT'S, BRAYMAN CONSTRUCTION COPORATION, ANSWER TO PLAINTIFF'S COMPLAINT

**NOW COME** Defendant, Brayman Construction Corporation, by counsel, Wendy E. Greve, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and for its answer to Plaintiff's Complaint, states as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief may be granted.

### SECOND DEFENSE

1.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2.     Defendant admits that Defendant West Virginia Department of Transportation, Division of Highways is a West Virginia State agency.  Defendant denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.     Defendant admits that Defendant Brayman Construction Corporation is a Pennsylvania corporation and construction company and that it performed construction work in the State of West Virginia, Monongalia County, West Virginia. Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.     Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.     Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.     Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.     Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.     Defendant restates its responses to Paragraphs 1 through 7 in response to Paragraph 8 of Plaintiff's Complaint.

9.     Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

10.     Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

11.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint and therefore denies the same.

12.     Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

14. Defendant restates its responses to Paragraphs 1 through 12 in response to Paragraph 13 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

19. Defendant restates its responses to Paragraphs 1 through 17 in response to Paragraph 18 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

## **THIRD DEFENSE**

This Defendant raises the defenses of Rule 8, Rule 9, and Rule 12 of the Federal Rules of Civil Procedure as if fully set forth herein.

3

## FOURTH DEFENSE

This Defendant asserts that the injuries and/or damages about which the Plaintiffs complains were or may be the proximate result of the negligence or assumption of risk of harm on the part of the Plaintiff or others either equaling or exceeding the negligence, if any, of this Defendant.

## FIFTH DEFENSE

This Defendant asserts that the injuries or damages, if any, of the Plaintiff were not caused by any act, omission or breach of duty on the part of Defendant, but by the intervening acts or omissions by other persons or corporations over which Defendant had either no control or for whose negligence or fault Defendant cannot be held legally liable to the Plaintiff.

## SIXTH DEFENSE

To the extent any of the preceding affirmative defenses are applicable based upon the evidence adduced in these matter, this Defendant invokes the following defenses: accord and satisfaction, arbitration and award, contributory negligence, comparative negligence, assumption of the risk, intervening cause, waiver, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, collateral estoppel, statute of frauds, expiration of the statute of limitations, sophisticated user, State of the Art, any applicable statute of repose, lack of personal or subject matter jurisdiction, and any other matter constituting an avoidance or affirmative defense.

4

## SEVENTH DEFENSE

This Defendant hereby reserves the right to file additional affirmative defenses, cross-claims, and/or third-party actions if a sufficient factual basis is developed through continuing discovery and investigation.

## EIGHTH DEFENSE

Plaintiff's damages, if any, were the causal result of natural forces and occurrences which were not caused by these defendants and for which this Defendant cannot be held liable to Plaintiff.

## JURY DEMAND

This Defendant respectfully demands a trial by jury on all issues so triable.

## PRAYER

**WHEREFORE,** Defendant, Brayman Construction Corporation, prays that Plaintiff's Complaint be dismissed and held for naught; that Plaintiff recover nothing from this Defendant; that Defendant recover its costs, expenses of suit, and a reasonable attorney's fee made necessary in defending this Complaint; and for such other and further relief, whether legal or equitable in character, as to which this Defendant may be entitled.

**BRAYMAN CONSTRUCTION CORPORATION,**

By Counsel:

s/ Wendy E. Greve, Esq.
Wendy E. Greve, Esq., WV State Bar No. 6599

5

*PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC*
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:    (304) 344-0100
Facsimile:      (304) 342-1545
wgreve@pffwv.com
mjohnson@pffwv.com

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

CHRISTINA FIGARETTI,

     Plaintiff,

v.                                     Civil Action No. 1:14-cv-187
                                     (Keeley)

WEST VIRGINIA DEPARTMENT OF
TRANSPORTATION, DIVISION OF HIGHWAYS; and
BRAYMAN CONSTRUCTION CORPORATION,

     Defendants.

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant, Brayman Construction Corporation, does

hereby certify on this 14th day of November, 2014, that a true copy of the foregoing

**"Defendant's, Brayman Construction Corporation, Answer to Plaintiff's Complaint"**

has been filed with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the below listed CM/ECF participant:

David Grunau, Esq.
244 Pleasant Street
Morgantown, WV 26505
**Counsel for Plaintiff**

                                       s/ Wendy E. Greve, Esq.
                                       Wendy E. Greve, Esq., WV State Bar No. 6599

*PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC*
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
Telephone:   (304) 344-0100
Facsimile:    (304) 342-1545
wgreve@pffwv.com
mjohnson@pffwv.com

7